**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHAD MICHAEL BROCK,
             Appellant,

      v.

SOCIAL SECURITY
    ADMINISTRATION,
             Agency.

DOCKET NUMBER
AT-1221-16-0285-W-1

DATE: October 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chad Michael Brock, Atlanta, Georgia, pro se.

Jeffrey Wilson, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action appeal for lack of jurisdiction.  Initial Appeal File, Tab 1; Petition for Review (PFR) File, Tab 1.  For the reasons discussed below, we DISMISS the petition for review as settled.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

¶2         After filing the petition for review, the appellant submitted a document titled "SETTLEMENT AGREEMENT" signed and dated by the appellant, a union official, and an agency official on August 31, 2016. PFR File, Tab 4. The parties entered into the agreement during the arbitration of grievances filed by the appellant and his union against the agency concerning the appellant's employment. *Id*. at 4. The document provides, among other things, for the withdrawal and dismissal with prejudice of all actions against the agency arising from the appellant's employment, including any appeal under the Whistleblower Protection Act and any other appeal pending before the Merit Systems Protection Board. *Id*. at 4-5.

¶3         Before dismissing an appeal based on a settlement agreement, the Board must document for the record that the parties reached a settlement agreement, understood its terms, and agreed whether it was to be enforceable by the Board. *Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 148‑49 (1988). We find here that the parties have, in fact, entered into a settlement agreement and that they understand the terms. *See* PFR File, Tab 4 at 8. We further find that the parties agreed that the settlement agreement was not to be enforced by the Board and specified an alternative resolution process in the event of an alleged breach. *Id*. at 6-9; PFR File, Tab 5 at 4. We therefore find that the parties did not agree to have the agreement entered into the record for Board enforcement.[2]

¶4         Accordingly, based on the appellant's withdrawal of his petition for review pursuant to the parties' settlement agreement, we hereby dismiss the petition for

---

[2] The appellant indicated in her online interview that the parties wanted the agreement to be entered into the record for enforcement purposes, although the terms of the settlement agreement indicate otherwise. PFR File, Tab 4 at 3. We conclude that the pro se appellant merely intended to enter a copy of the agreement into the record to notify the Board that his pending petition for review should be dismissed as settled. *Id*. at 6. Subsequent to the submission of the settlement agreement, the parties submitted a Stipulation of Dismissal indicating that "they fully understand, acknowledge and agree that the Board will not accept the settlement agreement into the record for enforcement . . . ."

review with prejudice to refiling (i.e., the parties normally may not refile this petition). PFR File, Tab 4 at 5; *see Lapine v. Department of Veterans Affairs*, 114 M.S.P.R. 436, ¶ 4 (2010).

¶5    This is the final order of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulation, section 1201.113 (5 C.F.R. § 1201.113).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.